IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT J. THACKER,

          Petitioner,

v.                                     CIVIL ACTION NO. 2:10-cv-00780
                                          (Criminal No. 2:08-cr-00196)

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255 [Docket 82] and his Application to Proceed Without Prepayment of Fees and Costs [Docket 83]. By Standing Order [Docket 86] entered on June 2, 2010, this action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636. The Magistrate Judge has submitted findings of fact [Docket 94] and has recommended Petitioner's Motion [Docket 82] be denied and that this matter be removed from the Court's docket.

I.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the PF&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

II.

Petitioner was sentenced on May 29, 2009, to sixty months in custody and ten years of supervised release for knowingly traveling in interstate commerce, from Ohio to West Virginia, for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b). He entered into a plea agreement in which he waived his right to seek appellate review of his guideline-range sentence and his right to challenge his guilty plea and resulting conviction. The plea agreement states that the waivers do not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel. Petitioner now brings his § 2255 motion based on a claim of ineffective assistance of counsel. (Mot. at 5.)

Petitioner asserts that his mental and medical problems prevented him from understanding the proceedings in his criminal case, and his attorney, Federal Public Defender Edward H. Weis, should have postponed his case. (Mot. 5.) Petitioner also complains that his attorney did not use

evidence of a motel receipt that he claims proves he was "at a different location." (Mot. at 5.) He asserts further that at the time of his "trial" he had just suffered a stroke and that his attorney wanted to get his case over with fast so he could get paid. (Mot. at 6.)

In the PF&R, Judge Stanley set forth the facts of Petitioner's criminal conduct found in his presentence investigation report, and the procedural history of his criminal case, *United States v. Thacker*, Crim. No. 2:08-cr-00196, before the Honorable Joseph R. Goodwin, Chief Judge in the Southern District of West Virginia. (PF&R 2-3.) Judge Stanley analyzed Petitioner's claims of ineffective assistance of counsel and mental incompetence together under the two-pronged test in *Strickland v. Washington*, 466 U.S. 668 (1984).[1] Taking into account Petitioner's mental and medical history outlined in his presentence investigation report, and Judge Goodwin's Order which determined him capable of entering a plea, Judge Stanley found that despite his limitations, Petitioner recognized that his conduct was wrong and criminal. Judge Stanley further found that Petitioner was hospitalized for "stroke-like symptoms" briefly in November 2008, and on October 29, 2008, his trial was continued to January 20, 2009. (PF&R 8.) Petitioner's sentencing took place on May 18, 2009, after he had undergone months of counseling and evaluation. (PF&R 8.) Based on those facts, Judge Stanley found that Petitioner was not denied effective assistance of counsel with respect to his mental and physical soundness to participate in and understand the proceedings against him. (PF&R 8.)

Petitioner objected to the PF&R on September 24, 2010 [Docket 96]. He contends that his attorney's errors resulted in prejudice since he only entered into the plea agreement because he was

---

[1] Under the *Strickland* test, Petitioner must show that his representation fell below an objective standard of competence and that but for his counsel's errors the result of the proceeding would have been different. *Strickland*, 446 U.S. at 687-91, 694.

3

threatened by his counsel that he would receive a sentence of forty years if he did not plead guilty. (Objs. 1.) He asserts that his counsel breached the duty to provide objectively reasonable advice, and he repeats his assertion that his counsel did not introduce into evidence a receipt that "would have shown his innocence." (Objs. 1-2.)

### III.

Judge Goodwin's Order dated December 15, 2008, states that the court inquired of Petitioner, both personally and through his counsel, to determine his competency. The court found him capable of entering an informed plea. *Thacker*, 2:08-cr-00196 (Docket 47 at 1.) Petitioner explained to the court why he considered himself guilty and provided a sufficient factual basis for his plea. *Thacker*, 2:08-cr-00196 (Docket 47 at 2.) Petitioner responded to the court's questions and assured the court that his plea was voluntary. *Thacker*, 2:08-cr-00196 (Docket 47 at 2-3.) After finding that Petitioner understood the nature of the charges against him and the consequences of pleading guilty, as well as his legal rights, the court accepted his guilty plea. *Thacker*, 2:08-cr-00196 (Docket 47 at 2-3.)

The Court applies the *Strickland* test to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To meet the prejudice prong of the test, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." *Id.* at 59. When the alleged error of counsel is a failure to discover potentially exculpatory evidence or advise him of an affirmative defense, prejudice depends on whether the evidence or affirmative defense would have changed the outcome of a trial. *Id.*

4

Petitioner's assertion that he was coerced into entering the plea agreement because his counsel threatened that he would receive a forty year sentence if he did not plead is without merit. The plea agreement, initialed on every page and signed on the last page by Petitioner, clearly sets forth the maximum statutory penalties for the crime for which he was indicted, which included a thirty year term of imprisonment. *Thacker*, 2:08-cr-00196 (Docket 50 at 1.) Petitioner was aware of this maximum term at the time he pled guilty. Additionally, Petitioner's counsel's failure to introduce the motel receipt Petitioner references does not satisfy the prejudice inquiry set forth in *Strickland*. Even if a receipt exists that could show Petitioner purchased a motel room on the date of his criminal conduct, Petitioner has not set forth any basis for the likelihood that this evidence would have resulted in his acquittal at trial. Moreover, Petitioner provided his probation officer preparing the pre-sentence investigation report with a written statement confessing to and explaining, in detail, the criminal conduct which led to his indictment. *Thacker*, 2:08-cr-00196 (Docket 76 at 6.)

For the above stated reasons, the Court finds that Petitioner was not denied effective assistance of counsel and that he is not entitled to relief. Therefore, the Court **ORDERS** that the PF&R [Docket 94] be **ADOPTED**. The Court further **ORDERS** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255 [Docket 82] and his Application to Proceed Without Prepayment of Fees and Costs [Docket 83] be **DENIED** and that this case be **DISMISSED** and removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:     May 18, 2011

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA